HUDSON COUNTY JUVENILE AND DOMESTIC
RELATIONS COURT.

PEARL MEZEI v. ANDREW MEZEI.

Decided December 21, 1943.

For the complainant, *Anna B. Hogan.*

For the defendant, *Newmark & Boehm* (of the New York
bar).

BARISON, J. This matter comes before this court on com-
plaint made and filed by Pearl Mezei against her husband
Andrew Mezei.

The complaint alleges that her husband has willfully
refused and failed to provide adequate support and mainte-
nance for his family, consisting of herself, and that for the
past two years has not supported his wife, contrary to "An
Act concerning the Juvenile and Domestic Relations Court,
*Pamph. L.* 1929, *ch.* 157," *N. J. S. A.* 9:18-1, *et seq.,* and
the supplements and amendments thereof, and contrary to
the provisions of "An act for the settlement and relief of
poor, *Pamph. L.* 1924, *ch.* 132," *N. J. S. A.* 44:1-1, *et seq,*
and the supplements thereto and amendments thereof.

The proofs submitted show that the wife is a resident of
New York, is ill, unemployed, has neither income nor money,
and is presently obtaining financial aid and support from her
relatives; the husband is a resident of Hudson County, New

Jersey, is employed here and has not supported his wife for the past two years. She is willing to live with her husband, he, however, refuses to live with her.

The defendant moved to dismiss the complaint on the ground that the Juvenile and Domestic Relations Court is without jurisdiction in that the wife is not a resident of the State of New Jersey.

The revision of the act creating the Juvenile and Domestic Relations Court (*Pamph. L.* 1929, *p.* 274, amended *Pamph. L.* 1935, *p.* 914, now *R. S.* 9:18–14; *N. J. S. A.* 9:18–14) provides, under the heading, "Concurrent Jurisdiction:" "The court shall have jurisdiction to hear and determine disputes and complaints involving the domestic relation where the *gravamen* of the complaint is the failure to provide support or adequate support, or desertion," pursuant to which the present proceedings are instituted. It is further provided: "It shall have jurisdiction to hear and determine complaints for the violation of the following laws: sub-title 15 of the title "Administration of Civil and Criminal Justice" (sections 2:201–1, *et seq.*), chapter 1 of the title "Poor" (sections 44:1–1, *et seq.*), chapter 6 and chapter 17 of this title (sections 9:6–1, *et seq.*, and sections 9:17–1, *et seq.*) and article 4 of chapter 5 of the title "Institutions and Agencies" (sections 30:5–33, *et seq.*).

Section 5 of the act of 1929 and by *R. S.* 9:18–21; *N. J. S. A.* 9:18–21, provides under the heading "Instituting Proceedings:" "Proceedings before the court shall be instituted by a complaint or petition and shall be verified by the oath of the persons making same, which complaint may be made on information or belief."

Section 6 of the act of 1929, chapter 157, and by *R. S.* 9:18–15; *N. J. S. A.* 9:18–15, provides under the heading "Powers of Court:" "The court shall be vested with all the powers, rights, and privileges incident to the hearing, determination and final disposition of all cases coming before it under the provision of section 9:18–14 of this title as are or may be exercised or enjoyed by any court having jurisdiction over such cases, and the process to secure the appearance of parties and witnesses shall be, as nearly as may be, the

same as is required in such other courts in such matters, and shall be served as in other cases before the Juvenile and Domestic Relations Court."

In *Hall* v. *Corio*, 122 *N. J. L.* 73; 4 *Atl. Rep.* (*2d*) 46, the Supreme Court held, that pursuant to the revision of the act to establish the Juvenile and Domestic Relations Court (adopted in 1929, *Pamph. L., p.* 274; *N. J. S. A.* 9:18-1, *et seq.*) the Juvenile and Domestic Relations Court had jurisdiction to enter an order requiring the husband to pay $10 weekly upon a duly verified petition alleging desertion and non-support, and that the overseer of the poor need not make the complaint. The residence of the wife was not in issue in the case.

In *Coffey* v. *Coffey*, 125 *N. J. L.* 205; 14 *Atl. Rep.* (*2d*) 485, the wife, a resident of Pennsylvania, made and filed a complaint in the Juvenile and Domestic Relations Court against her husband, a resident of New Jersey. The Supreme Court held that the revision of the act to establish the Juvenile and Domestic Relations Court (adopted in 1929, *Pamph. L., p.* 274; *N. J. S. A.* 9:18-1, *et seq.*) enlarged upon the jurisdiction of such courts as defined in the pre-existing enactments. The court, however, vacated the order of the Domestic Relations Court for lack of jurisdiction since the order was entered prior to the adoption of the revision of the act, which then required the complaint to be made by the overseer of the poor, and the case of Hall *v.* Corio, was therefore held not in point.

In *Fried* v. *Fried*, 99 *N. J. Eq.* 106; 132 *Atl. Rep.* 674, a separate maintenance proceeding was instituted by the wife, a resident of New York, against her husband, a resident of New Jersey, pursuant to the Divorce act. The court decided it had jurisdiction, and held: "A bill for maintenance is an action *in personam.* Being a personal action, it must needs be brought in the state where the husband is located. The husband was served here, and admittedly resides here, and has appeared and defended generally. That this court has jurisdiction of the proceedings, as a suit for maintenance, is not challenged nor could it be successfully. It has jurisdiction over the persons, as has been noted; assuredly it also

has jurisdiction over the subject-matter, for the bill alleges (and concededly, if defendant and complainant are still husband and wife, there has actually been) an abandonment and refusal to support, as specified by the statute. Moreover, if this indeed be requisite, the abandonment and refusal to support were acts committed by the husband in this state, being acts continuing during the period of his actual residence here." It is noted that the proceeding in the Fried case is a Chancery proceeding and the case at bar is a law court action. Both proceedings are for support, but are pursuant to distinct statutes, and are entirely different, as distinguished in *Heirs* v. *Heirs,* 132 *N. J. Eq.* 610; 29 *Atl. Rep.* (*2d*) 615.

The Juvenile and Domestic Relations Court, pursuant to the revision of the act (*Pamph. L.* 1929, *p.* 274; *R. S.* 9:18–14; *N. J. S. A.* 9:18–14) has jurisdiction to hear a complaint alleging the failure of the husband to provide support or adequate support or desertion. The revision of the act (*Pamph. L.* 1929, *ch.* 157, now *R. S.* 9:18–21; *N. J. S. A.* 9:18–21) has also provided a direct relief for the neglected wife by permitting her to make the complaint. *Hall* v. *Corio, supra.* The verified complaint in the case at bar complies with the revision of the act, charging that the husband for the past two years has not supported his wife. The failure of the husband to support his wife was committed in this state and continued during the period of his residence here.

The Juvenile and Domestic Relations Court, pursuant to the revision of the act (*Pamph. L.* 1929, *ch.* 157, now *R. S.* 9:18–15; *N. J. S. A.* 9:18–15) has the power to hear, determine and dispose of all cases pursuant to *R. S.* 9:18–14; *N. J. S. A.* 9:18–14, of the revision of the act, and to secure the appearance of parties and witnesses by process. The defendant, in the case at bar, resides in New Jersey, is employed here and process was served upon him in this state.

Therefore the court has jurisdiction of the present proceedings. The motion of the defendant to dismiss the complaint is therefore denied and an order will be accordingly entered.